```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
```
ROGER GRIGGS,

                Plaintiff,

        -against-

HON. RAY LaHOOD, Secretary of
Transportation, LAWRENCE FIELDS,
MARTIN INGRAM, JOHN KREPP, and
THEODORA KESSARIS,

                Defendants.
```
----------------------------------------------------------X
```

**MEMORANDUM OF
DECISION AND ORDER**
09-cv-3983 (ADS)(AKT)

**APPEARANCES:**

**Richard J. Merritt, Esq.**
*Attorney for the plaintiff*
2 Birs Avenue
Lindenhurst, NY 11757

**Loretta E. Lynch, United States Attorney for the Eastern District of New York**
*Attorneys for the defendants*
United States Attorney's Office
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722-4454
       By:    Assistant United States Attorney Robert B. Kambic

**SPATT, District Judge.**

        This case arises out of the revocation of the plaintiff's certification to work as a Designated Aircraft Dispatch Examiner on behalf of the Federal Aviation Administration ("FAA"). The plaintiff asserts causes of action against all of the defendants—each of whom is associated with the FAA—for age discrimination, retaliation, violation of various constitutional rights, and violation of the Administrative Procedures Act ("APA"). The defendants now move to dismiss the

plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim. For the reasons that follow, the Court grants the defendants' motion.

## I. BACKGROUND

From approximately 1993 through August 2008, the plaintiff Roger Griggs was authorized by the FAA to be a Designated Aircraft Dispatcher Examiner ("DADE"). As a DADE, the plaintiff was given authority by the FAA to administer tests to individuals who sought airman certificates permitting them to work as aircraft dispatchers. Generally, aircraft dispatchers aid aircraft pilots with flight planning prior to takeoff, and then otherwise assist from the ground during flight. See, e.g., 14 C.F.R. § 121.601 (discussing certain mandated requirements for aircraft dispatchers). To receive an aircraft dispatcher airman certificate, federal regulations require that a candidate must first pass a set of examinations. The FAA is authorized by 49 U.S.C. § 44702 to designate a "qualified private person" to administer the required examinations to candidates seeking to receive an aircraft dispatcher airman certificate. Thus, pursuant to Section 44702, Griggs was named a Designated Aircraft Dispatcher Examiner, and permitted to administer aircraft dispatcher tests to applicants.

On August 11, 2008, the defendant John M. Krepp sent a letter to the plaintiff on behalf of the FAA cancelling the plaintiff's DADE authority. The letter identified three bases for termination: (1) on August 3, 2008 the plaintiff allegedly improperly tested a non-U.S. citizen without first obtaining documentation showing that the candidate held a valid United States visa; (2) on July 23, 2008, the plaintiff

allegedly tested two candidates in the same room, which the FAA asserted was contrary to written and verbal directives; and (3) between September 2006 and August 2008, at least 12 aircraft dispatcher application packages were allegedly returned to the plaintiff due to errors he made.

On August 21, 2008, the plaintiff sent a letter to the defendant Lawrence Fields, also of the FAA, with a copy to the defendant Krepp, denying the allegations in Krepp's August 11, 2008 letter. The plaintiff also requested a "Fact-Finding Evidentiary Appeal Hearing" concerning the revocation of his DADE authority, and asked that his DADE authority be immediately reinstated. (Ingram Decl., Ex. F.)

On February 12, 2009, the FAA held a hearing on the revocation of the plaintiff's DADE authority. On April 7, 2009, the defendant Lawrence Fields, a Manager of the Flight Standards Division of the FAA, sent the plaintiff a letter stating that, following the hearing, the decision to terminate the plaintiff's DADE authority had been upheld. Just over three weeks later, on April 29, 2009, Griggs filed a discrimination claim against the FAA with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination and retaliation. On June 10, 2009, the plaintiff received a "right to sue" letter from the EEOC denying his claim of discrimination.

On September 16, 2009, the plaintiff commenced the present action. In his complaint, Griggs asserts causes of action against (1) Secretary of Transportation Ray LaHood; (2) Lawrence Fields, a Manager of Flight Standards for the FAA in the plaintiff's region; (3) Martin Ingram, an Assistant Manager of Flight Standards for the FAA in the plaintiff's region; (4) John Krepp, a Manager of a Flight

Standards District Office for the FAA in the plaintiff's region; and (5) Theodora Kessaris, the FAA Inspector who directly supervised his exercise of DADE authority. With regard to all of these defendants, the plaintiff asserts causes of action for: (1) age discrimination, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 626; (2) retaliation for protected activity, in violation of Title VII provision 42 U.S.C. § 2000e-3; (3) deprivation of his Fifth Amendment due process rights and his First Amendment free speech rights; and (4) violation of the Administrative Procedures Act provision 5 U.S.C. § 558(c).

According to the plaintiff, the true reason that his DADE authority was terminated was because, at age 62, the FAA had decided he was too old to do his job. In addition, the plaintiff asserts that his direct supervisor, the defendant Kessaris, also sought to cancel his DADE authority in retaliation for his pointing out to her that she had incorrectly interpreted an FAA Order, and for advising her of malfunctions in a computer system that the FAA was using to receive applications for aircraft dispatcher certification. In support of his constitutional claims, the plaintiff asserts that the defendants violated his Fifth Amendment due process rights by holding his appeal hearing in the wrong FAA district, and by affirming the cancellation of his DADE authority without sufficient evidence. He also maintains that the defendants violated his First Amendment free speech rights by "cancelling his authority because he drew attention to the [computer system] malfunctions, and to [the] misreading[] and misinterpretation of FAA publications by Defendants." (Compl., ¶ 58.) As for the plaintiff's basis for alleging that the defendants violated the APA, he maintains that:

> [w]here Plaintiff pointed out discrepancies in the instructions given for inspecting applicant's Visas and where there was no requirement for applicants from certain foreign countries to obtain a valid Visa, Defendants were deliberately forcing Plaintiff to violate improper FAA procedures in violation of the Administrative Procedures Act.

(Compl., ¶ 62.) He also asserts that:

> [w]here Defendant, John Krepp, utilized Plaintiff's allege[d] failure to determine if applicant Obiri [whom the plaintiff had tested] had a valid visa as a reason for cancelling his authority, violation of the Administrative Procedures Act was blatantly exhibited.

(Id., ¶ 63.) The import of these allegations is not entirely clear to the Court, although it appears that the plaintiff asserts that the defendants violated the APA by (1) requesting that he violate FAA procedures, and then (2) cancelling his DADE authority for failing to do so.

On August 5, 2010, the defendants moved to dismiss the plaintiff's complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The defendants primarily assert that the plaintiff's constitutional and APA causes of action are substantive challenges to the FAA's decision to terminate the plaintiff's DADE authority, and that pursuant to 49 U.S.C. § 46110, the federal courts of appeals have exclusive jurisdiction to consider such a challenge. The defendants also suggest that the plaintiff's discrimination claims are barred for similar reasons, but do not argue this "for purposes of the instant motion to dismiss." (Defs.' Reply at 6.) The defendants thus primarily move to dismiss the plaintiff's discrimination claims on the basis that the plaintiff has not alleged a valid retaliation claim, and that Title VII and ADEA do not apply to him because the FAA was not his

"employer" as that term is used in those statutes. The plaintiff opposes the defendants' motion in its entirety.

## II. DISCUSSION

### A. Legal Standard on a Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction, and, at all times, are obligated to be assured of their subject matter jurisdiction over matters before them. See, e.g., Durant, Nichols, Houston, Hodgson & Cortese Costa P.C. v. Dupont, 565 F.3d 56, 62–63 (2d Cir. 2009). In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court generally accepts the alleged facts as true, although when necessary to resolve a factual dispute, may consider evidentiary submissions outside of the pleadings. See Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000).

### B. As to the Defendants' Motion to Dismiss the Plaintiff's Constitutional and APA claims for Lack of Subject Matter Jurisdiction

Before addressing the specifics of the defendants' motion to dismiss for lack of subject matter jurisdiction, the Court outlines the basic contours of subject matter jurisdiction for claims against the federal government or its employees. As a general matter, the federal government, and by extension, federal employees acting in their official capacities, are entitled to absolute sovereign immunity from suit. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir.1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Exceptions to this immunity exist only when the federal government has "unequivocally expressed" a waiver of immunity. See, e.g., U.S. v. Nordic Village Inc., 503 U.S. 30, 43, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (1992) (internal quotations omitted). However, pursuant to the Supreme Court's decision in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), sovereign immunity does not apply to federal employees sued in their *individual capacities* for violations of the federal constitution or federal statutory law.

This case deals in part with an explicit waiver of immunity by the federal government, which permits a person to sue in federal court to challenge the FAA's decision to revoke a person's DADE authority. However, according to the defendants, the relevant waiver permits *only* federal courts of appeals to hear such a claim. Thus, the defendants assert that this Court has no subject matter jurisdiction to hear a direct challenge to the revocation of the plaintiff's DADE authority. The defendants also state that this lack of subject matter jurisdiction extends to the plaintiff's suit against the defendants in their official capacities, since this is in effect a suit against the FAA challenging the revocation of DADE authority.

The defendants further contend that the plaintiff's constitutional and APA claims against the defendants in their *individual* capacities—which, under Bivens, are not barred by sovereign immunity—are so "inescapably intertwined" with the validity of the FAA's termination of the plaintiff's DADE authority so as to also be only properly brought in a court of appeals. The defendants maintain that to allow

otherwise would undermine the requirement that only courts of appeals may hear challenges to a final decision by the FAA.

The basis for the defendants' argument begins with 49 U.S.C. § 46110(a), which provides in pertinent part:

> a person disclosing a substantial interest in an order issued by the [FAA] . . . under [a wide range of statutes, including 49 U.S.C. § 44702] may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business. . . .

Under this provision, a court of appeals may hear a challenge to an "order" issued by the FAA under a wide range of statutory provisions. A later provision in that same section, 49 U.S.C. § 46110(c), provides that the authority of the courts of appeals to review such an order is exclusive. See Merritt v. Shuttle, Inc., 187 F.3d 263, 270 (2d Cir. 1999) ("Merritt I").

Here, the "order" that the plaintiff is challenging is the letter from the FAA dated April 7, 2009, informing the plaintiff that the cancellation of his DADE authority had been affirmed (the "April 7 Letter"). The April 7 Letter was issued pursuant to 49 U.S.C. § 44702(d), which permits the FAA to delegate authority to "private person[s]" to perform airman certificate examinations, and more importantly, permits the FAA to "rescind [such] a delegation . . . at any time for any reason the Administrator considers appropriate." In turn, Section 44702 is included in the list of statutory provisions forming the basis for orders that are reviewable in courts of appeals under Section 46110(a).

Finally, the defendants assert that the plaintiff's constitutional and APA claims against the defendants in their *individual capacities* may also only be brought in a court of appeals. The defendants state that, although no formal sovereign immunity bars these claims, the Second Circuit has held that an individual-capacity suit that depends on evaluation of the merits of an order reviewable under Section 46110(a) may only be brought in a court of appeals. See Merritt I, 187 F.3d at 270–72.

With regard to this entire line of reasoning, the plaintiff essentially challenges only one element: that the April 7 Letter is an "order" as that term is used in Section 46110(a). In support of this contention—namely, that the April 7 Letter is not an "order" under Section 46110—the plaintiff first relies on 49 U.S.C. § 1133, a statute that deals generally with revocation of FAA-issued certificates, and which is not relevant to the present motion. Second, the defendant essentially maintains that a misstatement in the April 7 Letter, concerning the regulatory provision that the FAA applied in evaluating the revocation of the plaintiff's DADE authority, invalidated the letter as an order. This conclusion is also unsupported by any case law or persuasive reasoning. However, more compelling is that the plaintiff also cites to correspondence between his attorney and an attorney for the FAA to show that the FAA itself has indicated that the April 7 Letter was not an "order" under Section 46110.

Specifically, on November 19, 2009, a little more than two months after commencing the present case, the plaintiff's attorney wrote to an attorney for the

FAA requesting a final order indicating that the plaintiff's DADE authority had been revoked. On December 17, 2009, an attorney for the FAA responded:

> The Federal Aviation Administration (FAA) does not issue orders of revocation revoking the authority of designees. As you are aware, by letter dated April 7, 2009, the Eastern Region Flight Standard Division informed Mr. Griggs that his appeal of the termination of his DADE authority had been denied. The April 7, 2009 letter constitutes the FAA's final decision document concerning the termination of Mr. Griggs' DADE authority.

(Griggs Aff., Ex. A.) According to the plaintiff, this was an admission that the April 7 Letter was not an "order" as the term is used in Section 46110(a), and that the court of appeals does not have exclusive jurisdiction over the plaintiff's appeal.

In general, circuit courts have directed that the term "order" in Section 46110(a) should be interpreted broadly to encompass any final, non-rulemaking decision issued by an agency. See State of N.Y. v. F.A.A., 712 F.2d 806, 808 (2d Cir. 1983) ("we have also defined as final an order which imposes an obligation, denies a right, or fixes some legal relationship" (internal quotations omitted)); Gilmore v. Gonzales, 435 F.3d 1125 1132 (9th Cir. 2006) ("Courts have given a broad construction to the term 'order' in Section 1486(a) [46110's predecessor]." (internal quotations omitted, alterations in original)); Aviators for Safe and Fairer Regulation, Inc. v. F.A.A., 221 F.3d 222, 225 (1st Cir. 2000) ("The term 'order' is read expansively in review statutes generally").

Although the Court is aware of no decision directly assessing whether a letter finally revoking DADE authority is an appealable order under Section 46110, courts have held that final revocation of delegated authority to test candidates or aircraft for *other types* of certificates have constituted orders under Section 46110.

See, e.g., Greenwood v. F.A.A., 28 F.3d 971, 975 (9th Cir. 1994) (noting that 49 U.S.C. § 1486, later renumbered Section 46110, gives courts of appeals power to review the revocation of Designated Pilot Examiner authority); see also Ligon v. LaHood, 614 F.3d 150, 154–55 (5th Cir. 2010) (treating the FAA's revocation of an individual's authority to inspect aircraft on behalf of the FAA as an "order" under Section 46110); Green v. Brantley, 981 F.2d 514, 518–19 (11th Cir. 1993) (finding that a letter notifying plaintiff of the revocation of his Designated Pilot Examiner authority was an "order" under Section 46110 (then numbered Section 1486)).

Here, (1) given the relevant case law, (2) the cases stating that the term "order" is to be interpreted broadly, and (3) the fact that the April 7 Letter definitively "denie[d] a right", of the plaintiff to perform examinations, N.Y. v. F.A.A., 712 F.2d at 808, it is the Court's opinion that the April 7 Letter is an "order" that is appealable under Section 46110. In the Court's view, the FAA attorney's letter of December 17, 2009 did not suggest otherwise.

Nevertheless, the mere fact that the final revocation of the plaintiff's DADE authority constituted an "order" under Section 46110 does not mean that this Court necessarily lacks subject matter jurisdiction over the plaintiff's constitutional and APA claims against the defendants in their *individual capacities*. Rather, the Court's jurisdiction over these claims depends on whether they are inescapably intertwined with an evaluation of the cancellation of the plaintiff's DADE authority. This is because, in Merritt I, 187 F.3d 270–72, the Second Circuit held that individual capacity claims against government employees may not be heard in district courts when hearing those claims would cause the district court to perform a

*de facto* evaluation of an order appealable under Section 46110. See also Tur v. Federal Aviation Administration, 104 F.3d 290 (9th Cir. 1997) (finding that plaintiff's suit against FAA officials for using false testimony to revoke his airman certificate constituted a collateral attack on the FAA's final order, and could only be brought in a court of appeals); Green, 981 F.2d at 520–21 (11th Cir. 1993) (holding that suit against FAA employees based on revocation of the plaintiff's designated pilot examiner authority was an impermissible collateral challenge to an FAA order, and could be brought only in a court of appeals).

Here, the defendants assert—and the plaintiff does not contest—that the plaintiff's constitutional and APA claims are inescapably intertwined with a direct challenge to the April 7 Letter. The Court agrees. The plaintiff's constitutional and APA claims essentially assert that the plaintiff's DADE authority was wrongfully terminated based on improper statutory and constitutional processes. In the Court's view, the plaintiff's claims would necessarily require evaluation of the validity of the FAA's revocation of the plaintiff's DADE authority, and this Court has no jurisdiction to entertain such an issue. Thus, the Court finds that it has no subject matter jurisdiction to hear the plaintiff's constitutional and APA claims.

**C. As to the Plaintiff's Title VII and ADEA Claims**

In addition to alleging violations of the APA and his constitutional rights, the plaintiff also asserts that the defendants, in their individual capacities, discriminated against him (1) on the basis of age and (2) in retaliation for pointing out an incorrect interpretation of an FAA order and identifying a computer malfunction. The defendants state multiple bases for dismissing these causes of

action, including assertions that the plaintiff was not covered by the relevant anti-discrimination statues because he was not an "employee" of the FAA, and that the plaintiff has no valid retaliation claim because he has not alleged any protected acts. Both of these bases for dismissal appear to have merit. However, the Court finds that, as a preliminary matter, it does not have subject matter jurisdiction to consider these claims, and thus dismisses them for lack of subject matter jurisdiction.

As noted above, a party may not waive a lack of subject matter jurisdiction, and the defendants' failure to explicitly argue that the Court lacks subject matter jurisdiction over the plaintiff's discrimination claims does not bar the Court from addressing this issue. Durant, Nichols, Houston, Hodgson & Cortese Costa P.C., 565 F.3d at 62 ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte."). Here, the defendants in fact raised this issue in their reply brief, but, presumably aware that it was not properly raised in their original motion papers, they asserted that they do not presently rely on the argument. Nevertheless, the Court finds that the plaintiffs' discrimination claims are, like his constitutional and APA claims, inescapably intertwined with a direct challenge to the revocation of his DADE authority. As such, the Court has no subject matter jurisdiction to rule on these claims.

In the Court's view, evaluation of both the plaintiff's age discrimination claim and his retaliation claim would require a determination as to whether the revocation of the plaintiff's DADE authority was appropriate. With respect to the age discrimination claim, the well-settled MacDonnell-Douglas burden shifting test

used to analyze discrimination claims requires, among other things, analysis of whether an employer's stated reason for termination is pretextual. See, e.g., Leibowitz v. Cornell University, 584 F.3d 487 (2d Cir. 2009) ("If the defendant carries [the burden of stating a non-discriminatory reason for termination], the burden shifts back to the plaintiff to demonstrate by competent evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." (internal quotations omitted)). Here, application of this step of the burden shifting test would require analysis of the validity of the revocation of the plaintiff's DADE authority. That is precisely the kind of analysis that is restricted to the courts of appeals. See also Ligon, 614 F.3d at 157 (finding an ADEA claim inescapably intertwined with a challenge to FAA's withdrawal of the plaintiff's designation as an aircraft inspector); Jones v. U.S., 625 F.3d 827, 829–30 (5th Cir. 2010) (same).

Similarly, deciding whether the plaintiff has a meritorious cause of action for retaliation requires analyzing whether the cancellation of the plaintiff's DADE authority was in response to protected activity. See, e.g., Richardson v. Comm'n on Human Rights & Opportunities, 532 F.3d 114, 123 (2d Cir. 2008). In the Court's view, deciding this issue will also necessarily require a trier of fact to consider the legitimacy of the cancellation of the plaintiff's DADE authority. Thus, this claim also cannot be heard by this Court.

In addition, the plaintiff suggests in his opposition papers that he has alleged a hostile work environment claim against the defendants. The Court has reviewed the plaintiff's complaint, and finds no such cause of action to be asserted.

However, to the extent that such a theory was intended to be plead in the plaintiff's complaint, the Court finds that the plaintiff has not alleged facts that support a cause of action for hostile work environment.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's complaint is dismissed in its entirety and without prejudice for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to mark this case closed.

**SO ORDERED.**

Dated: Central Islip, New York
March 17, 2011

                                                                                                   _/s/ Arthur D. Spatt_
                                                                                                    ARTHUR D. SPATT
                                                                        United States District Judge